Case 2:19-cv-00174   Document 12   Filed on 08/28/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE CHAPA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-174 |
| | § | |
| CAMERON BROWN, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff Christopher Lee Chapa, a pretrial detainee at the San Patricio County Jail (SPCJ) in Sinton, Texas, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's Fourth Amendment claims against Officer Cameron Brown, Officer Johnny Joe Cantu, and Sergeant Eloisa Aguirre in their individual capacities be retained. The undersigned further recommends that Plaintiff's claims against Defendants in their official capacities be dismissed.

## I.      JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.     BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff sues the following SPCJ officials in this action: (1) Officer Cameron Brown; (2) Officer Johnny Joe Cantu; and (3) Sergeant Eloisa Aguirre.  (D.E. 1 at p. 3). Plaintiff does not indicate whether he seeks to sue Defendants in their individual capacities, officials capacities, or both.  The undersigned construes Plaintiff's complaint as suing Defendants in both their individual and official capacities.  Plaintiff claims that his constitutional rights were violated when SPCJ officials conducted a strip search of Plaintiff and several other detainees in an open recreational area and in the presence of female officials.  Plaintiff seeks declaratory and monetary relief.

On July 3, 2019, the undersigned ordered Plaintiff to file a more definite statement of the facts in order to allow the Court to properly evaluate the merits of his claims. (D.E. 8).  On July 10, 2019, Plaintiff filed his More Definite Statement.  (D.E. 9).

Plaintiff alleges the following relevant facts in his original complaint (D.E. 1) and More Definite Statement (D.E. 9):  Plaintiff is a pretrial detainee at the SPCJ.  On the

night of April 29, 2019, several SPCJ officials conducted a cell search in Plaintiff's cell block.  No reason was provided as to why the cell search was necessary.  Officers Brown, Cody Austell, Desirae Flores, and Jennifer Medina escorted Plaintiff and eleven other inmates to the recreation yard.  Plaintiff and eleven other inmates were strip searched in the recreation yard in front of each other.

Plaintiff initially stated in his More Definite Statement that Defendants Brown, Cantu, and Aguirre performed the strip search on Plaintiff.  (D.E. 8, p. 2).  While Officers Brown and Cantu are male, Sergeant Aguirre is female.  (D.E. 8, p. 2).  However, Plaintiff later clarified in his More Definite Statement that Officers Brown and Cantu performed the strip search while Sergeant Aguirre observed Plaintiff through an open window in the farleft corner of the recreation yard.  (D.E. 8, pp. 2-3).  According to Plaintiff, Sergeant Aguirre allowed Officers Brown and Cantu to conduct the strip search in a group setting with other inmates and cross-gender staff allowed to observe the strip search through open windows.  (D.E. 1, p. 4; D.E. 8, p. 3).  Plaintiff complains that he was humiliated and degraded by Defendants' actions to be subjected to a strip search in a public place and without the maximum amount of privacy.  (D.E. 8, pp. 3-4).

### III.   LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when the complaint does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

IV. **DISCUSSION.**

    A. **Official Capacity Claims**

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue Defendants in their official capacities, it is effectively a suit against the officials' office, San Patricio County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Even if the Court were to substitute San Patricio County on behalf of Defendants in their official capacities, Plaintiff would not be able to state a § 1983 claim against San Patricio County. A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite any county policy or practice that resulted in the violation of his constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants in their official capacities be dismissed.

B. **Fourth Amendment Claims**

As a pretrial detainee at the SPCJ, Plaintiff claims that his Fourth Amendment rights were violated when he was subjected to a strip search in front of other inmates as well as female prison staff. The Fifth Circuit recognizes that "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration." *Oliver v. Scott,* 276 F.3d 736, 744 (*5th Cir. 2002). The Supreme Court has rejected the notion that

pretrial detainees should receive greater protection in connection with strip searches as opposed to convicted inmates. *See Bell v. Wolfish*, 441 U.S. 520, 547 n. 28 (1979).

In considering whether a particular strip search is unconstitutional, the Fifth Circuit Court of Appeals distinguishes between a female officer participating in a cross-gender strip search or merely viewing a strip search in an incidental fashion. *See Covarrubias v. Mapps*, No. 6:17cv192, 2019 WL 908247, at *5 (E.D. Tex. Jan. 22, 2019). "[A] strip search of a male prisoner by a female guard in the absent of exigent circumstances presents a colorable Fourth Amendment claim." *Covarrubia*, 2019 WL 908247, at *4 (citing *Newton v. Joseph*, 718 F. App'x 256, 259 (5th Cir. 2018)). With regard to strip searches conducted in the presence of prison officials of the opposite sex, the Fifth Circuit has reached opposite conclusions in two unpublished cases as to whether a Fourth Amendment claims exists. *Cf. Tasby v. Lynaugh*, 123 F. App'x 614, 615 (5th Cir. 2005) (holding that "strip searches carried out in non-secluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional"); *with Boswell v. Claiborne Parish Dtn. Ctr.*, 629 F. App'x 580, 583 (5th Cir. 2015) (allegations that prisoner was subjected to strip searches by or in front of female deputies and after non-contact visits were nonfrivolous).

In this case, Plaintiff's allegations indicate that: (1) male Officers Brown and Cantu were responsible for the strip search of Plaintiff and his fellow inmates in a non-secluded part of the SPCJ; (2) Sgt. Aguirre, a female official, was present at the strip search to the extent that she could observe it through an open window at the recreation yard. Plaintiff's allegations fail to suggest that Sgt. Aguirre was in physical contact with

Plaintiff. However, they indicate that Sgt. Aguirre was present during the strip search and that her viewing of it was something more than incidental. In light of *Boswell*, the undersigned finds that Plaintiff's allegations are sufficient to state a Fourth Amendment claim against Defendants with respect to his privacy interests. Accordingly, it is respectfully recommended that Plaintiff's Fourth Amendment claims against Defendants in their individual capacities be retained.

## V. CONCLUSION.

For the reason stated above, it is respectfully recommended that Plaintiff's Fourth Amendment claims against Officer Cameron Brown, Officer Johnny Joe Cantu, and Sergeant Eloisa Aguirre in their individual capacities be RETAINED. The undersigned further recommends that Plaintiff's claims against Defendants in their official capacities be DISMISSED.

Respectfully submitted this 28th day of August, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).