UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE CHAPA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-174 |
| | § | |
| CAMERON BROWN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge B. Janice Ellington's Memorandum and Recommendation (M&R), entered on August 28, 2019. (D.E. 12). The M&R recommends that the Court dismiss any claims against Defendants in their official capacities and retain the claims against Defendants in their individual capacities. Plaintiff timely responded, which the Court construes as an objection to the M&R, on September 11, 2019. (D.E. 14).

The Court construes Plaintiff's response and his attachment of the Jail Inmate Handbook as an objection to dismissing claims against the officers in their official capacities. Although the Court reads the documents as an attempt to plead an official policy toward such claims, the Court finds that there it is not enough in the pleadings or the objections to state a claim against the officers in their official capacities and/or against San Patricio County. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Accordingly, the Court **OVERRULES** Plaintiff's objections.

Plaintiff also requests the appointment of counsel. (D.E. 14). This Court has the

discretion to appoint counsel for indigent plaintiffs in a section 1983 civil rights case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the appointment of counsel in a civil case is a privilege, not a constitutional right. *Lopez v. Reyez*, 692 F.2d 15, 17 (5th Cir. 1982). The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion, where the case presents exceptional circumstances. *Ulmer*, 691 F.2d at 212. One of the factors this Court must consider is the complexity of the issues. *Id.* at 213. The Court does not find exceptional circumstances to be present here, nor does the issue in this case appear to be complex. Further, the Court does not see that appointment of counsel will advance the proper administration of justice at this early stage of the case. As such, Plaintiff's request for the appointment of counsel is **DENIED** at this time.

Thus, after reviewing the facts, conclusions of law, and recommendation set forth in the M&R, as well as Plaintiffs objections and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which the objections were directed, the Court **OVERRULES** Plaintiffs objections. Therefore, the Court **ADOPTS** as its own the M&R in its entirety. (D.E. 12). Accordingly, Plaintiff's Fourth Amendment claims against Defendants in their individual capacities are **RETAINED**. The claims against Defendants in their official capacities are **DISMISSED.**

SIGNED and ORDERED this 21st day of February 2020.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE